## Case No. 10,253.

### NICKLIN v. WYTHE et al.

[2 Sawy. 535.] [1]

Circuit Court, D. Oregon. Feb. 9, 1874.

RESULTING TRUST.

G. conveyed lots one and two in the town of Salem to W., and in consideration of such conveyance said W. and wife afterward conveyed to said G. lands belonging to said wife in exchange for said lots one and two: *Held*, that in the absence of evidence to show that the conveyance of lots one and two was made to W. with the assent of his wife there was a resulting trust in her favor, and her subsequent vendees are entitled to a decree against the heirs of W. for a conveyance of the legal title.

Bill in equity [by A. J. Nicklin against W. T. Wythe and others] to obtain the conveyance of the legal title to certain lots in Salem, Oregon.

James G. Chapman, for complainant.

A. C. Gibbs, R. Williams, and W. W. Thayer, for defendants.

SAWYER, Circuit Judge. William H. Wilson and his wife, Cloe A. Wilson, resided upon a tract of land in Marion county, Oregon, from 1844 to July 28, 1853, and in all respects performed the acts required under the act of congress of September 27, 1850, commonly called the "donation act," to entitle them to a patent from the United States. In 1862 patents accordingly issued, by which the northern half was granted by the United States to said Cloe A. Wilson, and the south half to said William H. Wilson. Said Wilson and wife laid off a portion of said land into blocks and lots, constituting a part of the city of Salem. Lots one and two, the land in controversy, are a part of the land so laid out into city lots, and are situate in the said north half of said land claim, and within the part so patented to said Cloe A. Wilson. Said Wilson and wife, by deed duly executed, conveyed said two lots to L. F. Grover. Grover subsequently conveyed, as stated in the stipulation of the parties, as follows, to wit: "That on the 13th day of February, 1856, by deed of that date, the said L. F. Grover conveyed said lots one and two (the lots in controversy) to said William H. Wilson; and in consideration of said last conveyance the said William H. Wilson and Cloe A. Wilson conveyed to said L. F. Grover lands belonging at that time to said Cloe A. Wilson, to wit, a portion of the north half of said donation land claim, which last conveyance was made by deed of date, to wit, the 16th day of February, 1856, and in exchange for the said lots one and two."

Afterward, and after the death of her husband, said Cloe A. Wilson, as stipulated, conveyed said lots for their full value to Daniel Waldo, and said title of Cloe A. Wilson and Daniel Waldo, by proper mesne conveyances, became vested in the complainants be-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

fore the commencement of this suit. The defendants, other than W. T. Wythe, who is the husband of L. Bell Wythe, are children, and a portion of the heirs-at-law of said W. H. Wilson, deceased, and claim title as such.

The fact, then, is, that the conveyance of Mrs. Wilson's separate property was the consideration for the conveyance of the property in controversy by Grover to her husband, William H. Wilson. There was an exchange of property. The property exchanged, the consideration of Grover's conveyance was furnished by one party, and the conveyance taken in the name of another. There was, we think, under the authorities, a resulting trust in favor of Mrs. Wilson. Story, Eq. Jur. § 1201, and cases cited; Rider v. Kidder, 10 Ves. 360, and numerous cases cited in note, Sumner's Ed.; Finch v. Finch, 15 Ves. 50; Boyd v. McLean, 1 Johns. Ch. 582; Botsford v. Burr, 2 Johns. Ch. 405; Steere v. Steere, 5 Johns. Ch. 1.

We do not think a gift by the wife to the husband, or a conveyance in consideration of love and affection, can be properly inferred from the stipulated facts. Perhaps such might be the case had the husband's property been given in exchange for other property, and the deed for the property received had been taken by his direction in the name of his wife. But there is nothing to show that the lots in controversy were deeded to the husband by the direction or with the assent of the wife. There is no evidence on this point beyond the mere fact of the conveyances being made, the one in consideration of the other, the deeds bearing different dates.

The law protects the conveyances by the wife of her property with great solicitude. They are guarded by many provisions, in order to secure perfect freedom of action, unaffected by undue influence on the part of the husband. And especially are transactions by which the separate property of the wife is transferred to the husband jealously scrutinized, in consequence of her liability through affection, or other undue influence, to be overreached and improperly despoiled of her estate. It is in accordance with the general course of domestic transactions in this country that the husband, being the head of the family, transacts the business even of the wife. He is usually the active party. Although there is no evidence on the subject, it is not at all improbable but, on the contrary, it is highly probable, that the husband in this case attended to the business, and took the deed in return for the property of the wife, without any examination on her part as to its contents. Such would be extremely likely to be the course of the transaction. In view of the general principles of the law, its extreme solicitude in guarding the dealings between husband and wife, whereby the property of the latter becomes vested in the former, we think, at least, there ought to be some satisfactory evidence beyond the mere fact that the deed of Grover

was made to the husband, to indicate that the wife assented to the transaction, and intended to invest the title to her property in her husband. There should be affirmative evidence that her assent was given in some legal mode. There is nothing to justify us in adopting this view. We think there was a resulting trust in favor of the wife, and that her subsequent vendees are entitled to a decree against the defendants for a conveyance. Let a decree be entered accordingly.

[NOTE. There were several suits brought by the defendants, in this case, as heirs of W. H. Wilson, for the recovery of parts of the land conveyed to Wilson by the patent of 1862. None of these cases present the same features as does this. Wythe v. Haskell, Case No. 18,-118; Same v. Myers. Id. 18,119; Same v. Palmer, Id. 18,120; Same v. Salem, Id. 18,121; Same v. Smith, Id. 18,122.]